UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Pauletta N. Higgins, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:14-cv-02092 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 12/12/2014 |
| FBI *et al*, ) | Description: Pro Se Gen. Civil |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a District of Columbia resident. She sues the Federal Bureau of Investigation (FBI), the FBI Police, the Superior Court of the District of Columbia, and the United States Marshal for "hate crimes[,] discrimination[,] civil rights[,] abuse of power[,] [and] deprivation of rights." Compl. Caption. Plaintiff alleges that the Superior Court refused "to let me file[] my legal paper releated [sic] to the UCCJEA releating [sic] to parental kidnapping." Compl. at 1. She accuses the FBI and the FBI Police of conspiring with D.C. Superior Court and faults the U.S. Marshal for throwing her out of the courthouse "without pro[b]able cause to deprive me in my legal duties." *Id.* at 4.

The unnumbered attachments to the complaint show that, contrary to her allegations, plaintiff has an action pending in D.C. Superior Court, and in an Ohio state court, with regard to child custody. *See Higgins v. Moore*, No 2014 DRB 3536 (Super. Ct. Nov. 10, 2014) (denying, *inter alia*, plaintiff's emergency motion for temporary custody, directing plaintiff to serve defendant with process, and setting an initial hearing on January 29, 2015). Regardless, the D.C. Superior Court is an entity within the District of Columbia that cannot be sued in its own name, *see Kundrat v. District of Columbia*, 106 F. Supp. 2d 1, 4-8 (D.D.C. 2000), and plaintiff has not alleged sufficient facts or requested any relief to warrant substituting the District of Columbia as the proper defendant. *See* Fed. R. Civ. P. 8(a) (requiring complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction[,] (2) a short and plain statement of the claim showing that the pleader is entitled to relief[,] and (3) a demand for the relief sought"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)); *see also Whitehead v. District of Columbia Child Support Services Div.*, 892 F. Supp. 2d 315, 318-319 (D.D.C. 2012) (under the *Younger* abstention doctrine, a federal court should not intervene in ongoing state court proceedings "absent extraordinary circumstances" not presented in the instant complaint) (applying *Younger v. Harris*, 401 U.S. 37 (1971)).

With regard to the claims against the remaining federal defendants, which are agency components, plaintiff has not named an individual defendant and described his or her wrongful

behavior, nor has she requested any specific relief. Hence, the Court cannot assess whether sovereign immunity is waived, which it must find in order to exercise subject matter jurisdiction over the complaint against the federal defendants. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' ") (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Lane v. Pena*, 518 U.S. 187, 192 (1996) (the United States may be sued only upon consent "unequivocally expressed in statutory text"). A separate Order of dismissal accompanies this Memorandum Opinion.

Date: December 5, 2014

United States District Judge